Cbeen, J.
delivéred the opinion of the court.
This action is brought against the plaintiff in error, in the court below for the value of a negro boy, the slave of the plaintiff Caldwell.
The declaration contains a special count in case for negligence and several counts in trover.
It appears from the bill of exceptions that Caldwell hired the negro for the year 1841, to one Downs, who hired him to Run-yan for a part of the year. Runyan employed the boy as a ferryman, and while in his employment he disappeared, and has not been delivered to Caldwell. Whether the negro is dead or has escaped"and has not been captured, is not clear from the proof. :■
In reference to the count in case, his Honor told the jury, “that if the negro died during the year for which the defendant hired him, or was otherwise wholly destroyed, the burden of^proof was on the plaintiff, to show that the loss was occasioned by the want of ordinary care on the part oí the defendant, but if they believed that the slave escaped or runaway, then the defendant was bound to show that he used ordinary diligence to recapture him, and return him to the owner at the end of the term for which he was hired.”
There was evidence conducing to prove that die slave Was hired for a special service, and that the employment on the river *135 was a conversion of the property by Downs, who hired the slave to Runyan to be employed as a ferryman. His Honor also instructed the jury as to the law in relation to the counts in trover, but as no question is raised upon that partof the charge, it is unnecessary to set out any part of the case except that which is above stated.
The question presented in this case is, whether the onus of/ proof is upon the bailor or the bailee as to the negligence which] occasioned the loss of a negro that has been hired.
It is laid down by Chancellor Kent, 2 Com. 587, that, “if the thing hired be lost or damaged by the hirer, or by his servants acting under him, from the want of ordinary care and diligence, he is responsible. The bailee when called upon for the article deposited, must deliver it or account for his default by showing a loss of it by some violence, theft or accident. When the loss is shown, the proof of negligence or want of due care is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care.”
Mr. Justice Story in his treatise on bailments, sec. 410, says that with the exception of innkeepers and common carriers, “the burden of proof of negligence is on the bailor, and proof merely of the loss is not sufficient to put the bailee on his de-fence.” It is true in section 454, he says “there seem some discrepancies in the authorities, whether the onus probundi of negligence lies on the plaintiff, or of exculpation on the defendant in a suit brought for the loss.” But he says, “the English authorities maintain the former rule, but in America an inclination of opinion has sometimes been expressed the other way, yet perhaps the weight of authority coincides with the English rule.”
We think therefore that it is the settled law, that in a bailment for hire the onus probandi of negligence is upon the bailor. Aftér the bailor has proved the contract and delivery of the goods, the burden of proof is upon the bailee to show their loss and the manner they 'were lost, and this throws the proof of negligence upon the bailor. Clark vs. Spencer, 10 Watts, Rep. 335. The case of Platt vs. Hubbard, 1 Cowan Rep. 500, where a contrary doctrine is held, does not weaken the current of au *136 thority, both in England and America, for in addition to the authority above referred to, numerous adjudged cases might be cited, which hold the same doctrine. While on the other hand there can be found but a case or two in this country, that hold the contrary principle.
But in this case His Honor takes a distinction between aloss 'by death and aloss by the negro running away. In the former fcase he holds with the authorities, that the onus of proof of negligence is on the bailor, but in the latter case, he says the burden of exculpation from the presumption of negligence is on the bailee. We do not think there is any authority for this distinction in the books, nor do we think there is any ground for it upon principle. The hirer is bound to return the slave or account for his loss, but if he proves that he died, or was stolen or runaway, there is the same reason for throwing the burden of proof of negligence or want of due diligence to reclaim him, as if the property hired had been ahorse. In either case it is the duty of the bailee to use due diligence to prevent the running away, and also to reclaim the property. Nor do we perceive that the difficulty of proof would be greater in the one' case than in the other.
It is said the bailee can easily prove the use of diligence in this case, while the difficulty of the bailor making proof of negligence is very great, and therefore, in view of the importance of the question to the slave owner, the rule ought to be changed in reference to this description of property.
We do not perceive that there is any greater difficulty of proving, that the hirer neglected to use proper exertions to reclaim a runaway slave, than there is to prove that he neglected to afford proper medical attention to one that may have died of sickness. And if the difficulty of making proof should be increased in this case, that certainly is not a reason for changing the rule and violating well settled principles. When an injury has happened to goods bailed, the law will not presume negligence, it must be proved. And in the nature of things, the difficulty of making such proof is greater in some cases than it will be found to be in others, but the existence of such discrep-ances in the circumstances of different cases, has never been *137 held to be a ground for changing the established rule of evidence.
We think therefore, His Honor erred, in ruling that if the jury believed, “that the slave runaway, then the defendant was bound to show that he used ordinary diligence to recapture him and return him to the owner at the end of the time for which he was hired.”
For this error the judgment must be reversed, as we cannot tell but that the verdict was found by the jury on the count in case, as is most probable. In other respects we think there is no error in the record.